IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-43 |
| vs. | |
| JESSICA MARIE HERNANDEZ, | ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's pro se motion (filing 536) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § app. C, amend. 782. The defendant's motion will be denied because she has already received the benefit of Amendment 782.

    The defendant was sentenced on July 11, 2014, and the Court sustained the parties' motion for a two-level decrease, pursuant to Justice Department policy, during the interim period before Amendment 782 became fully effective. *See* filing 427 at 3. As part of that motion, the defendant stipulated that she would seek no further decrease. And, having already received the benefit of the two-level reduction contemplated by Amendment 782, she is entitled to no further decrease.

    The defendant also asks that the Court additionally reduce her sentence based on 18 U.S.C. § 3553(a) and her post-sentence rehabilitation. While the defendant's efforts at rehabilitation are commendable, the Court lacks the authority to grant her request, for two reasons. First, as explained above, the Court already reduced the defendant's sentence, at sentencing, so no further reduction is warranted. Second, while post-sentence rehabilitation may be considered when a defendant is *resentenced*, see *Pepper v. United States*, 131 S. Ct. 1229, 1241-42 (2011), the Eighth Circuit has explained that a sentence reduction under 18 U.S.C. § 3582(c)(2) is not a "full resentencing" and that, therefore, the Court may not reduce a defendant's sentence below the minimum of the amended Guidelines range. *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009); *see* U.S.S.G. § 1B1.10(a)(3) and (b)(2)(A). And the defendant was sentenced to 57 months' imprisonment—below even the amended Guidelines range of 63 to 78 months. *See* filing 412 at 14.

    Finally, the defendant asks the Court to recommend halfway house placement. The defendant's placement during her incarceration is entrusted to the discretion of the Bureau of Prisons, and the assistance provided to her

- 2 -

after her release is entrusted to the discretion of the United States Probation System. *See*, 18 U.S.C. §§ 3621 and 3624. And those agencies are in a far better position than the Court to evaluate the defendant's needs.

IT IS ORDERED:

1. The defendant's pro se motion for a sentence reduction (filing 536) is denied.

Dated this 7th day of April, 2015.

                BY THE COURT:

                /s/ John M. Gerrard
                John M. Gerrard
                United States District Judge