IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13-CR-43 |
| vs. | ORDER |
| JESSICA MARIE HERNANDEZ, | |
| Defendant. | |

This matter is before the Court on the defendant's pro se motion (filing 768) to amend her presentence investigation report (PSR), based on the alleged omission of changes required by Amendment 782 to the Sentencing Guidelines. The defendant's motion will be denied.

The defendant was sentenced on July 11, 2015, and the Court sustained the parties' motion for a two-level decrease, pursuant to Justice Department policy, during the interim period before Amendment 782 became fully effective. *See* filing 427 at 3. As part of that motion, the defendant stipulated that she would seek no further decrease. And, having already received the two-level reduction contemplated by Amendment 782, she is entitled to no further decrease. For that reason, the Court has already denied the defendant's motion for sentence reduction (filing 536). *See* filing 624.

Undeterred, the defendant has filed a "Motion to Amend PSR and Judgment" (filing 768). She claims that the PSR contained an incorrect sentence calculation because it omitted a two-level reduction based on Amendment 782, and that the PSR—and, additionally, the judgment—should be "corrected."

It is the defendant who is incorrect. As the Court found at sentencing, the PSR was correct in all respects. The defendant was sentenced on July 11, 2015, and the PSR appropriately used the Guidelines Manual in effect on that date. *See* U.S.S.G. § 1B1.11(a). But, "the Court sustained the parties' motion for a two-level decrease in the Guidelines pursuant to DOJ's policy, during the interim period while drug offense Guidelines are being reconsidered/adjusted." Filing 427 at 3. In other words, the defendant's initial Guidelines range was calculated based on the Guidelines in effect at the time, but the Court varied downward to give the defendant the benefit of the

pending two-level decrease. The PSR and judgment are correct, and will not be amended.[1]

The Court does not know how to make this any more clear to the defendant: she has already received the two-level decrease in offense level provided for by Amendment 782. She is entitled to no further reduction.

IT IS ORDERED:

1. The defendant's motion (filing 768) is denied.

Dated this 2nd day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] Furthermore, even if the judgment *was* in error—and to be clear, it is not—the Court's authority to amend more than 14 days after sentencing is limited to circumstances that are not alleged to be present here. *See*, Fed. R. Crim. P. 35; Fed. R. Crim. P. 36; *United States v. Yakle,* 463 F.3d 810, 811 (8th Cir. 2006).