IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13-CR-43 |
| vs. | ORDER |
| JESSICA MARIE HERNANDEZ, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to reduce sentence (filing 838). The motion requests a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, which generally clarified the factors to be considered when determining whether a defendant should receive a downward adjustment for a mitigating role in the offense. The defendant's motion will be denied.

Amendment 794, which was effective on November 1, 2015, made no change to the text of U.S.S.G. § 3B1.2. Instead, it made changes and additions to the commentary to § 3B1.2, to provide additional guidance to courts in determining whether a mitigating role adjustment applies. And Amendment 794 was not made retroactive to defendants who had already been sentenced. *See*, 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *see also United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994).[1]

---

[1] The Court is aware of authority suggesting holding that Amendment 794 applies retroactively to cases on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522–23 (9th Cir. 2016); *accord United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). But this case is not on direct appeal, and was not on November 1, 2015. Furthermore, while the Ninth Circuit applies a "clarifying" amendment to the Sentencing

In this case, the defendant was sentenced on July 11, 2014, and no appeal was taken, so the judgment was final as of July 25. *See* Fed. R. App. P. 4(b)(1)(A). She was sentenced pursuant to the Guidelines in effect at that time and, in fact, received the benefit of a role adjustment pursuant to § 3B1.2. *See* filing 412 at 8. Because Amendment 794 does not operate retroactively, she is entitled to no further reduction.

IT IS ORDERED that the defendant's motion to reduce sentence (filing 838) is denied.

Dated this 24th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

Guidelines retroactively to cases on direct appeal, the Eighth Circuit has rejected that view, holding that only amendments enumerated in § 1B1.10 are to be applied retroactively, even if appellate review has not concluded. *United States v. Dowty,* 996 F.2d 937, 938 (8th Cir. 1993) (citing *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir.1993)); *see United States v. Williams,* 905 F.2d 217, 218 (8th Cir. 1990).